FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 12, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCIS ANTHONY TREVINO,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF SOCIAL HEALTH SERVICE, SPOKANE COUNTY SUPERIOR COURT and SUPREME COURT OF WASHINGTON STATE,<br><br>Defendants. | NO: 2:17-CV-0153-SMJ<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT** |

BEFORE THE COURT is Plaintiff's First Amended Complaint, ECF No. 18. Plaintiff, a prisoner currently housed at the Coyote Ridge Corrections Center, is proceeding *pro se*. He initiated this action while incarcerated at the Spokane County Jail and has paid the full $400.00 fee.

Subject to exceptions not relevant here, an amended complaint supersedes the original complaint and renders the original complaint without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927–28 (9th Cir. 2012). Furthermore,

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

Defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, the following Defendants have been terminated from this action: Bob Ferguson, Judge Triplet, American Corrections Corporation and Department of Corrections.

Plaintiff brings the First Amended Complaint against the Department of Social and Health Services, Spokane County Superior Court, and the Supreme Court of Washington State. He complains that between November 14, 2016, and December 25, 2016, his First Amendment right to petition the government for redress of grievances, as well as his Sixth and Fourteenth Amendment rights to a speedy trial, were violated in Spokane County.

Plaintiff states he was arrested on August 6, 2016, and then arraigned on August 16, 2016. He claims he had been a "ward" of Spokane County and had been on an "ankle monitor" since December 1996. He contends that when was placed at the Eastern State Hospital in the custody of the Department of Health Services for a competency evaluation on November 16, 2016, the "90-day statute of limitations" had already run.

Plaintiff asserts that on December 21, 2016, he read an article indicating the Department of Social Services, among others, was being held in contempt in a lawsuit brought by the American Civil Liberties Union, with fines in excess of $30 million. He claims that he then began petitioning county governments and courts,

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

to develop a "case of misconduct." Plaintiff seeks $90 million for "fraud," claiming his right to a speedy trial and his rights against double jeopardy were violated. In addition, Plaintiff seeks to have his criminal record expunged in its entirety.

## DEPARTMENT OF SOCIAL AND HEALTH SERVICES

As previously advised, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Likewise, "arms of the State" such as the Department of Social and Health Services are not "persons" amenable to suit under 42 U.S.C. § 1983. *Id.*, at 70. Accordingly, Plaintiff's claim for monetary damages against the Department of Social and Health Services is dismissed.

## COURT DEFENDANTS

Plaintiff states no claim against the Spokane County Superior Court or the Supreme Court of Washington State upon which relief may be granted. Plaintiff has presented no facts from which the Court could infer these entities are "persons" amenable to suit for damages under § 1983.

To the extent Plaintiff is complaining that a Spokane County Superior Court Judge referred him to a state hospital for a competency evaluation, even after his speedy trial time had allegedly run, such a claim would be precluded by absolute judicial immunity. Judges are absolutely immune for all judicial acts performed

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3

within their subject matter jurisdiction when the plaintiff is seeking damages for a civil rights violation. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is a "judicial" one when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).

Absolute immunity exists even when there are charges that the judge acted maliciously; it exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871); *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) (a judge should not have to "fear that unsatisfied litigants may hound him with litigation charging malice or corruption."). While errors in the complex calculations of speedy trial times may sometimes occur, Plaintiff has alleged no facts indicating a judge presiding over his state criminal proceedings acted in the "clear absence of all jurisdiction," when ordering a competency evaluation. *Stump v. Sparkman*, 435 U.S. at 357. Plaintiff has failed to state a claim upon which relief may be granted.

**SPEEDY TRIAL AND DOUBLE JEOPARDY CHALLENGES**

Plaintiff contends that his right to a speedy trial and his right against being placed twice in jeopardy have been violated.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486–87, (1994) (footnote and citation omitted).

Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his conviction and related imprisonment invalid. He has not stated that his conviction has been reversed or otherwise invalidated. Therefore, Plaintiff is precluded by *Heck* from bringing a claim for monetary damages under 42 U.S.C. § 1983 for alleged speedy trial and double jeopardy violations at this time.

To the extent Plaintiff is requesting that his criminal record be expunged, this request may not be brought through a § 1983 action. *Preiser v. Rodriguez,* 411 U.S. 475 (1973). Plaintiff would have to pursue a petition for writ of habeas corpus under 28 U.S.C. § 2254, after he has fully exhausted his state court remedies. *Id.* at 487–90.

Although granted the opportunity to do so, Plaintiff has failed to amend his complaint to state a claim upon which relief may be granted. Therefore, **IT IS ORDERED** the First Amended Complaint, ECF No. 18, is **DISMISSED** for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but

without prejudice to seeking appropriate state court appellate review of his speedy trial and double jeopardy challenges.

Based on this Court's understanding of *Washington v. Los Angeles County Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, enter judgment, forward a copy to Plaintiff and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 12th day of December 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge