FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FRANCIS ANTHONY TREVINO,

　　　　　　　Plaintiff,

　　v.

DEPARTMENT OF SOCIAL
HEALTH SERVICE, SPOKANE
COUNTY SUPERIOR COURT and
SUPREME COURT OF
WASHINGTON STATE,

　　　　　　　Defendants.

NO: 2:17-CV-0153-SMJ

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

　　　　BEFORE THE COURT are Plaintiff's Motion for Reconsideration, ECF No. 22, and a Second Motion for Reconsideration, ECF No. 23. By Order filed December 12, 2017, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim upon which the Court could grant relief. ECF No. 20. This dismissal was without prejudice to Plaintiff seeking appropriate appellate review of his conviction on speedy trial and double jeopardy grounds. Judgment was entered on December 12, 2017. ECF No. 21.

ORDER DENYING MOTIONS FOR RECONSIDERATION -- 1

Plaintiff now asks the Court to reconsider the dismissal. His Motions were considered without oral argument on the date signed below. The second Motion appears to be documents Plaintiff wants attached to his initial Motion. Because they were received separately, they were filed separately.

In his initial Motion, Plaintiff indicates that he wants to add certain individuals, including the Secretary of the Department of Social and Health Services, a Spokane County Superior Court Judge, a CEO of a state hospital and a Deputy Clerk of Court to this action. ECF No. 22 at 2. He also wishes to add claims of anti-trust violations. *Id.*

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff has made no showing of newly discovered evidence; clear error or manifest injustice; or an intervening change in controlling law. Therefore, **IT IS ORDERED** that Plaintiff's Motions for Reconsideration, ECF Nos. 22 and 23, are **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and provide a copy to Plaintiff. The Court finds an appeal of this Order would not be taken in good faith. The file shall remain **CLOSED**.

**DATED** this 6th day of February 2018.

SALVADOR MENDOZA, JR.
United States District Judge